```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ORIX FINANCIAL SERVICES, INC.
formerly known as                           :
ORIX CREDIT ALLIANCE, INC.,
                                            :       REPORT AND RECOMMENDATION
               Plaintiff,
                                            :       05 Civ. 5000 (RMB)(KNF)
       -against-
                                            :
DONALD G. NICHOLS and
CARELUN LU NICHOLS                          :

               Defendants.                  :
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/13/06

TO THE HONORABLE RICHARD M. BERMAN, UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

In this action, plaintiff Orix Financial Services, Inc. ("OFS") alleged that defendants Donald G. Nichols and Carelun Lu Nichols failed to fulfill the obligations they undertook under the terms of a guaranty they executed that made them liable for any default by an entity known as Nichols & Nichols, Inc. ("NNI") in repaying $1,489,625.56 the plaintiff provided to NNI to enable it to acquire certain commercial equipment. The defendants failed to answer or otherwise respond to the plaintiff's complaint. Thereafter, your Honor ordered that a default judgment be entered against them but determined that it would not become a final judgment until the amount of damages noted in the judgment was "verified" by a magistrate judge. Your Honor then referred the matter to the undersigned to "verify" the amount of damages noted in the default judgment.

1

The plaintiff's submissions aver that it is entitled to $312,870.73 in damages, $130,504.48 of which represents the remaining principal amount of the debt that the defendants guaranteed, plus: $19,221.70 in accrued interest; $105,060.43 in pre-maturity date late charges; $200.00 in bounced check charges; $2,625.00 in post-maturity to date collection expenses, $3,114.00 in post-maturity to date repossession expenses, plus late charges at the post-maturity rate of 1/15 of 1% per day; and $52,145.12 in attorneys' fees.

## II. BACKGROUND

By virtue of the defendants' default, the allegations made by the plaintiff in its complaint must be accepted as true, except for those relating to damages. See Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). Based on submissions made by the plaintiff, including the instant complaint, as well as the Court's review of the entire court file maintained in this action, the following findings of fact are made:

On April 23, 1999, NNI, d/b/a Nick's Crane, executed a promissory note in the amount of $1,489,624.56 ("Note"), payable to the order of Orix Credit Alliance, Inc. ("OCAI").[1] The Note was executed in consideration for OCAI's agreement to finance the purchase by NNI of a quantity of commercial equipment, and provides for payment of the amount due in 54 monthly installments of $27,585.64 each, beginning on May 25, 1999.

In addition, NNI also executed a delivery agreement acknowledging "complete and satisfactory" delivery of the equipment purchased through the Note, and a security agreement

---

[1] On September 26, 2000, OCAI changed its name of record to Orix Financial Services, Inc. OFS succeeded to all of OCAI's rights under the agreements pertinent to this action.

2

whereby, *inter alia*, it granted to OCAI a purchase money security interest in the equipment. Prior thereto, on October 18, 1991, the defendants had executed a personal and unconditional guaranty of all NNI's obligations and indebtedness to OCAI, including both existing debt obligations and any debt obligations that might arise in the future.

NNI defaulted on the payments required to be made under the terms of the Note by failing to make its scheduled payments on August 25, 2003, September 25, 2003 and October 25, 2003. As a result of the default, OFS accelerated the balance of the amount due on the Note. In April 2005, NNI filed a Chapter 11 bankruptcy petition in Oregon.

Plaintiff claims that at the time of maturity, that is, October 25, 2003, the balance due on the Note was $421,919.95: $313,796.66 in remaining principal, $2,862.86 in accrued interest, $105,060.43 in pre-maturity late charges, and $200.00 in bounced check charges. However, some time after the maturity date of the Note, NNI made additional payments to the plaintiff on the amount due and also liquidated certain collateral. The plaintiff applied all of the payments it received to the amount of the outstanding debt. Consequently, according to the plaintiff, as of July 8, 2005, the balance due on the Note was $312,870.73: $130,504.48 in remaining principal; $19,221.70 in accrued interest; $105,060.43 in pre-maturity late charges; $200.00 in bounced check charges; $2,625.00 in post-maturity to date collection expenses; and $3,114.00 in post-maturity to date repossession expenses. The plaintiff also claims that it is owed late charges at the post-maturity rate of 1/15 of 1% per day, and attorneys' fees in the amount of $52,145.12.

In support of its claimed damages, the plaintiff has submitted, among other things, the affidavit of its assistant vice president, David Brown, attesting to the facts set forth above. Attached to the affidavit are copies of the Note and the delivery and security agreements

executed by NNI, as well as the guaranty executed by the defendants in October 1991.

## III. CONCLUSIONS OF LAW

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default judgments. Under Fed. R. Civ. P. 55(b), if a plaintiff's claim is for "a sum certain or for a sum which can by computation be made certain" and the defendant has not appeared, the Clerk of Court can enter a judgment. Fed. R. Civ. P. 55(b)(1). In all other cases, the party entitled to a default judgment "shall apply to the court." Fed. R. Civ. P. 55(b)(2). See Enron Oil Corp. v. Diakuhara, et al., 10 F.3d 90, 95 (2d Cir. 1993). Moreover:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed R. Civ. P. 55(b)(2).

In this case, the plaintiff's submissions do not provide an adequate basis upon which the Court may conclude that the amount of damages sought is a sum certain or can by computation be made certain. In his affidavit submitted in support of the plaintiff's motion, David Brown avers that, at the time of maturity, that is, October 25, 2003, the remaining principal on the Note was $313,796.66. By its terms, the Note was to be paid in 54 monthly installments of $27,585.64 each, beginning on May 25, 1999. Thus, at the time of NNI's breach on August 25, 2003, only three payments remained due. Consequently, it appears that the remaining principal amount owed to the plaintiff on October 25, 2003, was $82,756.92.

David Brown states that, as a result of NNI's default, the plaintiff accelerated all of the unpaid amounts due on the Note. However, there is no evidence that NNI failed to remit any of its regularly scheduled payments prior to August 25, 2003. Moreover, although the record is not entirely clear on this point, it appears that interest on any unpaid principal prior to the date of maturity is 0%. Therefore, in the absence of any explanation for this apparent inconsistency in the plaintiff's proof of damages, the Court must conclude that the remaining principal on the date of maturity was $82,756.92.

Plaintiff states that NNI continued to make payments on the total amount due after the date of maturity. However, these payments are not itemized. Therefore, the amount of the remaining principal as of July 8, 2005, the date on which the plaintiff submitted its proof of damages, cannot be ascertained. Similarly, the Court cannot determine with certainty the amount of any accrued interest that may be due on the remaining principal as of that date. Nor do the plaintiff's submissions provide an adequate basis upon which to assess the amount, if any, of fees and costs, including attorneys' fees, due and owing to the plaintiff by NNI.

Accordingly, OFS should be directed to submit to the court such materials as it may deem necessary to establish the amount of damages, including attorneys' fees and costs, in this action. The court may, upon receipt of such materials, determine if a hearing is necessary to verify the amount of damages.

## IV. RECOMMENDATION

For the reasons set forth above, I recommend that the plaintiff be directed to submit materials as set forth above within a reasonable period of time from the date of entry of the court's order.

* * *

Plaintiff shall serve a copy of this Report and Recommendation upon the defendants and submit proof of service to the Clerk of Court.

**V. FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of the Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Richard M. Berman, United States District Judge, 40 Centre Street, Room 201, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Berman. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Candair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1998); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
January 13, 2006

Respectfully submitted,

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Robert M. Marshall, Esq.
Marshall & Quentzel, L.L.C.
1 Boxwood Drive
Great Neck, NY 11021